UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABAN ABIEL,<br><br>        Plaintiff,<br><br>    v.<br><br>R. JONES, et al.,<br><br>        Defendants. | No.  2:22-cv-01657-CKD<br><br><br>ORDER |

       Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve

all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843 (1969).

**II.	Allegations in the Amended Complaint**

Before the court could screen plaintiff's complaint docketed on September 21, 2022, plaintiff filed a first amended complaint. Because the amended complaint supersedes the original complaint, the court will proceed to screen plaintiff's first amended complaint. ECF No. 5.

At all times relevant to the allegations in the amended complaint, plaintiff was an inmate at Folsom State Prison. ECF No. 5. Plaintiff sues various correctional officers, sergeants, lieutenants, and prison wardens based on a clothed body search that led to the repeated touching of his male genitalia on March 26, 2021. Specifically, plaintiff alleges that defendant Jones performed this search in an unprofessional manner by groping plaintiff's genitals twice after roughly pushing him against the wall. ECF No. 5 at 4. When plaintiff asked defendant Jones to stop touching his genitals, defendant Jones continued the search. ECF No. 5 at 4. Plaintiff contends that this unwanted touching of his genitals constituted a sexual assault in violation of the Eighth Amendment. Id. In order to cover up his conduct, defendant Jones filed a false rules violation against plaintiff. ECF No. 5 at 6-7.

After the search, plaintiff informed defendant Jones's supervisor about what happened, but he did not do anything. ECF No. 5 at 6. As a result of this inaction, plaintiff filed a grievance, or 602 appeal, on April 23, 2021. Id.

Plaintiff next alleges that other correctional officers, defendants Miller and Montes, were present for the search and had actual knowledge of the risk of serious harm to plaintiff, but they did nothing. ECF No. 5 at 8-9. Defendants Miller and Montes failed to protect plaintiff from harm. Id.

The remaining defendants named in the amended complaint were employed in a supervisory capacity, reviewed plaintiff's inmate grievance, or adjudicated the false rules violation against him. According to plaintiff, these defendants engaged in a civil conspiracy to cover up defendant Jones's misconduct. ECF No. 5 at 11-29.

By way of relief, plaintiff seeks a declaratory judgment as well as compensatory and

punitive damages. ECF No. 5 at 50.

### III. Legal Standards

The following legal standards are provided based on plaintiff's pro se status as well as the nature of the allegations in the first amended complaint.

#### A. Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

#### B. Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

#### C. Grievance Personnel

The existence of a prison grievance procedure establishes a procedural right only and

1  "does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495
2  (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)
3  (no liberty interest in processing of appeals because no entitlement to a specific grievance
4  procedure). This means that a prison official's action in reviewing an inmate grievance cannot
5  serve as a basis for liability under Section 1983. Buckley, 997 F.2d at 495. "Only persons who
6  cause or participate in the violations are responsible. Ruling against a prisoner on an
7  administrative complaint does not cause or contribute to the violation. A guard who stands and
8  watches while another guard beats a prisoner violates the Constitution; a guard who rejects an
9  administrative complaint about a completed act of misconduct does not." George v. Smith, 507
10 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

   **D.   Failure to Protect**

   Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, and that the prison official was deliberately indifferent to the risk of harm. Id. at 834, 837. Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." Id. at 834 (internal quotation omitted). To be deliberately indifferent, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

   **E.   Retaliation**

   "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

correctional goal.  Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted).  Filing an inmate grievance is a protected action under the First Amendment.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

### F. Civil Conspiracy

To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts showing an agreement or meeting of minds between the defendants to violate his constitutional rights.  Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989).  Plaintiff must also show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy.  Id.  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'"  Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

### G. False Report

A prisoner has no constitutionally-guaranteed immunity from being falsely or wrongly accused of conduct that may lead to disciplinary sanctions.  See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989).  As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under section 1983.  See Hanrahan v. Lane, 747 F.2d 1137, 1140– 41 (7th Cir. 1984).  An exception exists when the fabrication of charges infringed on the inmate's substantive constitutional rights, such as when false charges are made in retaliation for an inmate's exercise of a constitutionally protected right.  See Sprouse, 870 F.2d at 452 (holding that filing of a false disciplinary charge in retaliation for a grievance filed by an inmate is actionable under section 1983).

### IV. Analysis

The court has reviewed plaintiff's first amended complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable Eighth Amendment sexual assault claim against defendant Jones.[1]  To the extent that plaintiff a First Amendment retaliation claim against

---

[1] The amended complaint does not allege a separate Eighth Amendment excessive force claim against defendant Jones because plaintiff does not contend that being pushed against the wall was

1   defendant Jones, the allegations fail to state a claim because he does not contend that the conduct
2   chilled his First Amendment rights. Additionally, the mere presence of defendants Miller and
3   Montes during the search is not sufficient to state a failure to protect claim. See Farmer v.
4   Brennan, 511 U.S. at 834 (emphasizing that a prison "official must both be aware of facts from
5   which the inference could be drawn that a substantial risk of serious harm exists, and he must also
6   draw the inference."). After plaintiff verbally told defendant Jones to stop touching his genitalia,
7   plaintiff does not allege that there was any additional touching of his private parts. Therefore, the
8   court finds that plaintiff has not alleged sufficient facts to properly plead an Eighth Amendment
9   failure to protect claim against defendants Miller and Montes. The civil conspiracy allegations
10  against the various defendants are not sufficient to state a claim because plaintiff never alleges an
11  agreement or meeting of the minds to violate his constitutional rights. See Woodrum, 866 F.2d at
12  1126. Based on these deficiencies with the remaining claims and defendants, plaintiff may
13  choose to proceed immediately on the Eighth Amendment sexual assault claim against defendant
14  Jones, or he may attempt to cure the remaining defects by filing a second amended complaint.
15  See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (finding that district courts
16  must afford pro se litigants an opportunity to amend to correct any deficiency in their
17  complaints). If plaintiff elects to proceed on the sexual assault claim against defendant Jones, the
18  court will construe plaintiff's election as consent to dismiss the remaining defendants and claims
19  without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

20  **V.     Leave to Amend**

21      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
22  complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.
23  Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how
24  each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there
25  is some affirmative link or connection between a defendant's actions and the claimed deprivation.
26  Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th

---

28  done maliciously and sadistically for the purpose of causing him harm. See Hudson v. McMillan, 503 U.S. 1, 7 (1992).

Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**VI.   Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the amended complaint state claims for relief against the defendants, and some do not. You must decide if you want to (1) proceed immediately on the Eighth Amendment sexual assault claim against defendant Jones; or, 2) amend the complaint to fix the problems identified in this order with respect to the remaining claims and defendants. Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next. If you do not return this Notice, the court will order service of the complaint only on the claim found cognizable in this screening order and will dismiss the remaining claims and defendants without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 7) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

1 | Director of the California Department of Corrections and Rehabilitation filed concurrently
2 | herewith.
3 |     3. Plaintiff has the option to proceed immediately on the Eighth Amendment sexual
4 | assault claim against defendant Jones.  In the alternative, plaintiff may choose to amend the
5 | complaint to fix the deficiencies identified in this order with respect to the remaining claims and
6 | defendants.
7 |     4. Within 21 days from the date of this order, plaintiff shall complete and return the
8 | attached Notice of Election form notifying the court whether he wants to proceed on the screened
9 | amended complaint or whether he wants time to file a second amended complaint.
10 |     5. If plaintiff elects to proceed on the sexual assault claim against defendant Jones, the
11 | court will construe plaintiff's election as consent to dismiss the remaining defendants and claims
12 | without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.
13 | Dated:  May 16, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21 | 12/abie1657.B1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABAN ABIEL, | 2:22-cv-01657-CKD |
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| R. JONES, et al., | |
| Defendants. | |

**Check only one option:**

_____ Plaintiff wants to proceed immediately on the Eighth Amendment sexual assault claim against defendant Jones. Plaintiff voluntarily dismisses the remaining claims and defendants; **or**

_____ Plaintiff wants time to file a second amended complaint.

DATED:

                                                              _____
                                                                              Plaintiff