UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABAN ABIEL, | No. 2:22-cv-1657 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| R. JONES, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. The remaining defendant, R. Jones, is a correctional officer employed by the California Department of Corrections and Rehabilitation at Folsom State Prison. The claim which remains is for sexual assault in violation of the Eighth Amendment.[1] Defendant moves for summary judgment.

I. Sur-Reply

After plaintiff filed his opposition to defendant's motion for summary judgment, defendant submitted a reply brief. Plaintiff then submitted a sur-reply without seeking leave to do so. Because sur-replies are generally not permitted in this court, see Local Rule 230(l), and

---

[1] On May 17, 2023, the court screened plaintiff's complaint as the court must do under 28 U.S.C. § 1915A(a). The court found that plaintiff could either proceed on the claim identified above and voluntarily dismiss all other claims or file an amended complaint in an attempt to cure the deficiencies with the other claims. Plaintiff chose the former. ECF No. 11.

1

because there does not appear to be good cause to consider plaintiff's sur-reply, the sur-reply (ECF No. 33) will be stricken.

II. Plaintiff's Claim

In his amended complaint (ECF No. 5), which is signed under the penalty of perjury, plaintiff alleges as follows:

1. On March 26, 2021, defendant informed plaintiff around 7:10 p.m. that he had to change cells. Plaintiff asked if the cell move could take place the next day and defendant told plaintiff, "it's already in the computer so move or get a fucking write up." Plaintiff agreed to move, but told defendant it would take time because plaintiff had a lot of property and plaintiff wished to do a "thorough cleaning due to COVID 19."

2. In response, defendant became very angry. He asked plaintiff to turn around and face the wall and when plaintiff did, defendant pushed plaintiff against the wall. Plaintiff placed both hands on the wall and defendant searched plaintiff. During the search, defendant "ran his hands down [plaintiff's] waistline, and was groping [plaintiff's] genitals twice." Plaintiff told defendant to "stop touching my dick." Defendant continued to search plaintiff in an "unprofessional manner."

III. Legal Standards

  A. Summary Judgment

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v.

2

Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely on the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must show that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. That said, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902

(9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

       B.  Eighth Amendment Sexual Assault

A violation of the Eighth Amendment based on sexual assault occurs if a prison staff member touches a prisoner in a sexual manner, without legitimate penological justification, for the staff member's sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.  Bearchild v. Cobban, 947 F.3d 1130, 1144-45 (9th Cir. 2020).  With respect to a touching occurring during a an otherwise legitimate search, the prisoner must show staff's conduct "exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the [search]."  Id. at 1145.

III.  Defendant's Arguments and Analysis

Defendant argues that his conduct does not rise to the level of sexual assault.  As indicated above, the events giving rise to plaintiff's remaining claim began when defendant ordered plaintiff to change cells.  The parties disagree as to the degree to which plaintiff complied with the order and defendant asserts that plaintiff's delay in compliance caused him to believe it possible that plaintiff was hiding something either on his person or in his cell.  For purposes of the pending motion, the court assumes a routine pat-down search did not run afoul of the Eighth Amendment[2] and the court accepts defendant's assertion that a routine pat-down search "may include brief and incidental contact with an inmate's groin area." ECF No. 24-2 at 4.  This is because, according to defendant, "the genital and anal areas are common areas for inmates to conceal prohibited items."  Id.

/////

/////

---

[2] In any case, as this court noted in Walker v. Whitten, No. 2:09–cv–0642 WBS CKD P, 2013 WL 943282, at *10 (E.D. Cal. March 11, 2013) within the context of the Fourth Amendment, a prisoner's right to be free from a pat-down search conducted by an officer of the same sex is very limited.

4

With respect to the search conducted by defendant, defendant indicates he did not "grope" plaintiff's genitals and any contact defendant had with plaintiff's genitals was "very brief." Id. at 4. However, defendant's account is at odds with plaintiff's version. In his opposition to defendant's motion to for summary judgment, which is signed under the penalty of perjury, plaintiff asserts defendant "grabbed, squeezed and groped" plaintiff's genitals twice for 10-15 seconds each time. E.g. ECF No. 31 at 30. Plaintiff also indicates that defendant placed his hand between plaintiff's pants and underwear before grabbing plaintiff's genitals. Id. at 33-34. This is neither "brief" nor "incidental conduct" as suggested by defendant. Furthermore, defendant offers no penological justification for the conduct described by plaintiff and the conduct appears outside the scope of institutional concerns which justified the search. Assuming, as defendant suggests, defendant was concerned that plaintiff might be hiding something, nothing suggests there was any good reason for prolonged "grabbing" "squeezing" and "groping" of plaintiff's genitals.

Defendant argues that plaintiff fails to point to anything suggesting defendant's conduct was "for [his] sexual gratification, or for the purpose of humiliating, degrading, or demeaning" plaintiff. Bearchild, 947 F.3d at 1145. However, under Bearchild, plaintiff presents genuine issues of material fact as to both the objective and subjective components of his claim by pointing to facts suggesting the search, being sexual in nature, "exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure." Id.

Defendant also asserts he is entitled to summary judgment based on the qualified immunity doctrine. "Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). In analyzing a qualified immunity defense, the court must consider the following: (1) whether the facts taken in the light most favorable plaintiff create at least a genuine issue of material fact as to whether defendant's conduct violated a constitutional right; and (2) whether the right at issue was clearly established at the time of the incident. Saucier v. Katz, 533 U.S. 194, 201 (2001).

The law identified above concerning sexual assault in prison was clearly established when the events at issue occurred, and there is a genuine issue of material fact as to whether defendant's actions violated a clearly established constitutional right.

IV. Conclusion

For all the foregoing reasons and construing all evidence in the light most favorable to plaintiff as the court must, genuine issues of material fact preclude entry of summary judgment for defendant.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The sur-reply filed by plaintiff on December 5, 2024, is stricken; and

2. The Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 24) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 10, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
abie1657.msj